JAMES A. MARISSEN (SBN: 257699)
jmarissen@grsm.com
RACHEL A. WEITZMAN (SBN: 307076)
rweitzman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6996
Facsimile: (949) 474-2060

Attorneys for Plaintiff
YANG MING MARINE TRANSPORT CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG MING MARINE TRANSPORT CORP., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UC BRIDGE, INC., a California corporation, YING GUANG WANG, an individual, and DOES 1 thorugh10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) Violation of 46 CFR § 515.42**<br>**(2) Violation of California Unfair Business Practices** |

COMES NOW, Plaintiff YANG MING MARINE TRANSPORT CORP. ("YANG MING" or "Plaintiff"), and for causes of action against UC BRIDGE, INC. ("UC BRIDGE"), YING GUANG WANG ("WANG") and DOES 1 through 10, inclusive ("Defendants"), complains and alleges in this Complaint as follows:

## I.     NATURE OF THE ACTION

1.     This is an action for damages for violation of Federal Maritime Commission Regulations, including 46 CFR section 515.42, and damages in violation of California state law for unfair business practices.

**Gordon Rees Scully Mansukhani, LLP**
**2211 Michelson Drive, Suite 400**
**Irvine, CA 92612**

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

2.    Plaintiff alleges Defendant UC BRIDGE violated 46 CFR section 515.42 in collecting freight forwarder compensation payments from Plaintiff for shipments in which an executive of UC BRIDGE had a beneficial interest, specifically for shipments made by UC TRADE, INC.[1] ("UC TRADE") and via the non-vessel operating common carrier ("NVOCC") RAPID FREIGHT, INC. ("RAPID FREIGHT").

3.    Plaintiff alleges UC BRIDGE had a beneficial interest in the shipments of UC TRADE, as UC BRIDGE and UC TRADE had at all material times the same business address, being 1300 Valley Vista Drive, Ste. 202, Diamond Bar, CA 91765, and have the same principals, including WANG. Indeed, UC TRADE, as an unincorporated entity, is simply a front for UC BRIDGE.

4.    Plaintiff alleges UC BRIDGE had a beneficial interest in shipments of RAPID FREIGHT as WANG was listed as Chief Executive Officer, Secretary and Chief Financial Officer of UC BRIDGE, as recorded in UC BRIDGE's Statement of Information filed with the California Secretary of State, whilst also being listed as the President of RAPID FREIGHT on RAPID FRIEGHT'S website and in filings with the Federal Maritime Commission. Moreover, Julie Zhu, was the secretary of UC BRIDGE, as recorded in UC BRIDGE's Articles of Incorporation filed with the California Secretary of State, but also an executive of RAPID FREIGHT.

5.    Plaintiff further alleges Defendants UC BRIDGE and WANG violated California state law against unfair business practices by operating UC TRADE under the guise of an incorporated entity to unlawfully receive freight forwarder compensation payments from Plaintiff.

///

---

[1] UC TRADE represents itself as an incorporated entity, however it is not registered as a corporation with the California Secretary of State.

## II.   THE PARTIES

6.      Plaintiff YANG MING is and was at all material times a foreign corporation duly organized under the laws of Taiwan, with a principal place of business located at 271 Ming De 1st Road, Cidu District, Keelung 20646, Taiwan.

7.      Plaintiff is informed, believes and thereon alleges, that at all material times Defendant UC BRIDGE was a corporation duly organized under the laws of the State of California, with a principal place of business located at 2651 Rocky Trail Rd., Diamond Bar, California, 91765.

8.      Plaintiff is informed, believes and thereon alleges, that at all material times Defendant YING GUANG WANG was a competent adult residing in California.

9.      Plaintiff is informed, believes and thereon alleges, that at all material times, each of the Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this Complaint.  Their names and capacities are currently unknown to Plaintiff.  Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.  Plaintiff is informed, believes and thereon alleges that each additional entity or individual is indebted to Plaintiff as hereinafter alleged, and that Plaintiff's rights against such additional entity or individual arises from such indebtedness.

## III.   JURISDICTION AND VENUE

10.      This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

11.      This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367(a) because that claim forms part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claim shares all common operative facts with the federal law claim, and the parties are identical.  Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and

-3-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

1    fairness to the parties.

2        12.    Venue is proper in, and Defendants are subject to the personal

3    jurisdiction of, this Court because Defendants maintains facilities and business

4    operations in this District, and all or most of the events giving rise to this action

5    occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

6                    **IV.    FACTUAL ALLEGATIONS**

7        13.    Plaintiff YANG MING was, at all material times, an ocean

8    transportation common carrier doing business in the United States with authority

9    from the Federal Maritime Commission ("the FMC").

10        14.    Defendant UC BRIDGE was, at all material times, an ocean freight

11    forwarder doing business in the United States with licensing from, and bonding

12    with, the FMC. The bond UC BRIDGE maintains with the FMC is $50,000 and is

13    intended to compensate the public at-large for any loss and damage arising from

14    UC BRIDGE's freight forwarder business activities.

15        15.    YANG MING's published tariff with the FMC permits YANG MING

16    to pay compensation to a licensed freight forwarder on any shipment forwarded on

17    behalf of other where the licensed freight forwarder has provided a certification as

18    prescribed by 46 CFR section 515.42(c).

19        16.    UC BRIDGE provided YANG MING with a general certification as

20    prescribed by 46 CFR Section 515.42(c) which specified, in material part, that

21    "*The undersigned hereby certifies that neither it nor any … affiliate, officer,*

22    *director, agent or executive of the undersigned has a beneficial interest in this*

23    *shipment.*"

24        17.    Between 2010 and 2018 YANG MING paid compensation of

25    US$18,358 to UC BRIDGE pursuant to 46 CFR section 515.42, including for

26    shipments made by UC TRADE and/or through the use of the NVOCC RAPID

27    FREIGHT.

28        18.    YANG MING is informed, believes and thereon alleges UC BRIDGE

-4-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

had a beneficial interest in shipments made by UC TRADE and RAPID FREIGHT in contravention of 46 CFR section 515.42.  Specifically, at all relevant times:

(a)  UC BRIDGE and UC TRADE had the same business address, being 1300 Valley Vista Drive, Ste. 202, Diamond Bar, CA 91765, and had the same principals, including WANG.  Indeed, UC TRADE, as an unincorporated entity, is simply a front for UC BRIDGE; and

(b) UC BRIDGE and RAPID FREIGHT had: (i) the same business address, being 1300 Valley Vista Drive, Ste. 202, Diamond Bar, CA 91765; (ii) same officers and executives as WANG was listed as Chief Executive Officer, Secretary and Chief Financial Officer of UC BRIDGE, as recorded in UC BRIDGE's Statement of Information filed with the California Secretary of State, whilst also being listed as the President of RAPID FREIGHT on RAPID FRIEGHT'S website and in filings with the Federal Maritime Commission and Julie Zhu, was the secretary of UC BRIDGE, as recorded in UC BRIDGE's Articles of Incorporation filed with the California Secretary of State, but also an executive of RAPID FREIGHT; (iii) the same telephone number listed on the FMC website; and (iv) RAPID FREIGHT's website states that is a freight forwarder with License No. 16996F and UC BRIDGE is a freight forwarder with License No. 16996F.

19.    YANG MING is informed, believes and thereon alleges that the activities complained of and/or obligations sued upon in this Complaint arose within this judicial district, and that Defendants are indebted or otherwise liable to Plaintiff pursuant to the causes of action set forth herein.

/ / /

/ / /

# V.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF AS TO DEFENDANT UC BRIDGE

Violation of Federal Maritime Commission Regulations, *as amended*,

46 C.F.R. § 515.42(h)(2)(i)

20.    Plaintiff repeats and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 19, above.

21.    Regulation 46 C.F.R. § 515.42(h)(2)(i) prohibits a licensed freight forwarder from receiving compensation from a common carrier with respect to any shipment in which the forwarder has a beneficial interest or with respect to any shipment in which any holding company, subsidiary, affiliate, officer, director, agent, or executive of such forwarder has a beneficial interest.

22.    As set forth above, Plaintiff is informed, believes and thereon alleges UC BRIDGE had a beneficial interest in UC TRADE and RAPID FREIGHT, as at all material times:

(a)  UC BRIDGE and UC TRADE had the same business address, being 1300 Valley Vista Drive, Ste. 202, Diamond Bar, CA 91765, and had the same principals, including WANG.  Indeed, UC TRADE, as an unincorporated entity, is simply a front for UC BRIDGE; and

(b) UC BRIDGE and RAPID FREIGHT had: (i) the same business address, being 1300 Valley Vista Drive, Ste. 202, Diamond Bar, CA 91765; (ii) same officers and executives as WANG was listed as Chief Executive Officer, Secretary and Chief Financial Officer of UC BRIDGE, as recorded in UC BRIDGE's Statement of Information filed with the California Secretary of State, whilst also being listed as the President of RAPID FREIGHT on RAPID FRIEGHT'S website and in filings with the Federal Maritime Commission and Julie Zhu, was the secretary of UC BRIDGE, as recorded in UC BRIDGE's Articles of Incorporation filed with the California Secretary of State, but also an executive of RAPID FREIGHT; (iii) the same telephone number listed on the FMC website; and (iv)

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

-6-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

RAPID FREIGHT's website states that is a freight forwarder with License No. 16996F and UC BRIDGE is a freight forwarder with License No. 16996F, all in violation of 46 C.F.R. § 515.42(h)(2)(i).

23. Plaintiff is entitled to recovery from UC BRIDGE the US$18,358 in compensation it paid to UC BRIDGE for those shipments made by UC TRADE and/or RAPID FREIGHT which were in violation of 46 C.F.R. § 515.42(h)(2)(i), together with its reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF AS TO ALL DEFENDANTS

Violation of California's Unfair Competition Law,

Cal. Bus. & Prof. Code § 17200, *et seq.*

24. Plaintiff repeats and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 23, above.

25. California Business and Professions Code, Section 17200, *et seq.*, prohibits the use of unfair competition. Section 17200 states, in relevant part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

26. Plaintiff is informed, believes and thereon alleges that at all material times Defendants engaged in "unfair" business practices because their conduct was immoral, unethical, oppressive, unscrupulous and substantially damaging to Plaintiff. Specifically, and without limitation, the particular offensive conduct includes:

(a) UC BRIDGE and/or WANG operated UC TRADE without registering it with the California Secretary of State;

(b) UC BRIDGE operates RAPID FREIGHT as an NVOCC but lists it as a freight forwarder under License No. 16996F; being the license number for UC BRIDGE.

1    (c)    UC BRIDGE failed to inform YANG MING that it had a beneficial

2   interest in RAPID FREIGHT and/or UC TRADE, which also had a beneficial

3   interest in the relevant shipments.

4    27.    Plaintiff is informed, believes and thereon alleges that at all material

5   times Defendants, and each of them, engaged in "fraudulent" business practices

6   because members of the public, including YANG MING, are likely to be deceived

7   as a result of the conduct alleged herein.

8    28.    As a direct and proximate result of the Defendants' wrongful acts,

9   omissions, fault, negligent, fraudulent and/or other willful misconduct, Plaintiff

10  suffered harm and losses as described herein and in amounts to be proved at trial.

11  Plaintiff therefore seeks restitution from Defendants jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For judgement against Defendants for damages in a sum of not less than

US$18,358.00, the precise amount to be determined according to proof at trial;

2.    For judgement against Defendants for exemplary and/or punitive damages in

amount according to proof at trial;

3.    For reasonable attorneys' fees pursuant to California Code of Civil

Procedure § 1021.5, California Civil Code § 3439.07(a)(3)(C), and other laws; and

4.    For costs of suit herein incurred; and

5.    For such other and further relief as the court may deem to be just and proper.

Dated:  April 30, 2019          GORDON REES SCULLY
                                MANSUKHANI, LLP


                                By:  /s/ *James A. Marissen*
                                     James A. Marissen
                                     Rachel A. Weitzman
                                     Attorneys for Plaintiff
                                     YANG MING MARINE
                                     TRANSPORT CORP.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612